

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-5-2007

# USA v. Felix

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5089

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Felix" (2007). *2007 Decisions.* Paper 1347.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1347

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 05-5089

UNITED STATES

Appellee

v.

BRYAN FELIX

Appellant

Appeal from the United States District Court
for the District of the Virgin Islands
(Civ. No. 04-CR-00108)
District Judge: Hon. Curtis V. Gomez

Submitted Under Third Circuit LAR 34.1(a)
December 4, 2006

Before: MCKEE, BARRY, STAPLETON,
<u>Circuit Judges</u>.

(Opinion filed: April 5, 2007 )

MAUREEN PHELAN, ESQ.
Office of Attorney General of Virgin Islands
Department of Justice
34-38 Kronprindsens Gade, GERS Building, 2nd Floor
Charlotte Amalie, St. Thomas
USVI, 00802

<u>Attorney for Appellee</u>

ERIC S. CHANCELLOR, ESQ.
Suite 7
2111 Company Street
Christiansted, St. Croix
USVI 00820

Attorney for Appellant

OPINION

McKEE, Circuit Judge.

Bryan Felix appeals a decision of the Appellate Division of the District Court of the Virgin Islands. That court affirmed the Territorial Court's denial of Felix's motion for a new trial based upon an alleged *Brady* violation. For the following reasons, we will affirm.

Because we write primarily for the parties, we need not recite the underlying facts or background of this appeal except insofar as may be helpful to our discussion. Felix has the burden of establishing a *Brady* violation. *Strickler v. Greene*, 527 U.S. 263, 289 (1999). To do so, he must show: (1) the evidence was favorable to him because it was either exculpatory or impeaching; (2) the evidence was suppressed by the government, whether willfully or inadvertently; and (3) the withheld evidence was material. *Id*. at 281-82.

Here, the Government concedes that it suppressed the evidence. Therefore, Felix's appeal focuses on the first and third prongs. Felix argues that the arrest warrant was favorable to him because he could have used it to impeach Rodriguez. He also relies upon this impeachment value to argue that he has satisfied the third prong. According to Felix, "[t]he government's case against [him] rises and falls with the testimony of Rodriguez," Felix's Br. as Appellant at 15.

2

Felix claims that there is a reasonable probability that the verdict would have been different.[1]

Withheld evidence is material "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985). The phrase "reasonable probability" refers to a "probability sufficient to undermine confidence in the outcome." *Id*. Here, even assuming that the withheld evidence qualifies as *Brady* material, we would still have confidence in the jury's verdict.

Rodriguez initially identified Felix a few days after the shooting. This was ten months before the robbery, and fourteen months before the arrest warrant issued. Thus, the arrest warrant has absolutely no bearing on the strength of that initial identification. In addition, Rodriguez's trial testimony was corroborated by other evidence that had nothing to do with Rodriguez. For example, Felix apologized to Mercado, and a witness at the food van gave a description of the shooter that fit Felix. This included his relatively short stature, and his dreadlocks.

Felix argues that the arrest warrant could have been used to impeach Rodriguez in at least two ways. Felix first appears to argue that the arrest warrant would have been useful to demonstrate Rodriguez's character for untruthfulness. The Government, on the other hand, states that Federal Rules of Evidence 608 and 609 generally preclude impeachment by evidence of an arrest or pending charge. However, we need not determine if the Government's interpretation of

---

[1] Toward the end of his brief, Felix appears to argue that an affidavit Rodriguez signed recanting his trial testimony somehow establishes the materiality of Rodriguez's credibility. *See* Felix's Br. at 15-16. We disagree. This affidavit did not exist at the time of trial, and Rodriguez has disavowed its accuracy since Felix came forward with it.

Rules 608 and 609 is correct because we have concluded that robbery is not a crime of dishonesty for purposes of impeachment. *See Walker v. Horn*, 385 F.3d 321, 334 (3d Cir. 2004) (stating that robbery in general does not involve expressive dishonesty and is therefore not automatically admissible under 609(a)(2));[2] Mueller & Kirkpatrick, 3 FEDERAL EVIDENCE § 264 (stating that cross-examination on robbery seems improper in the context of Rule 608 because "forced taking is the main fact"). Moreover, an arrest is not admissible. See, *Michaelson v. United States*, 335 U.S. 469, 482 (1948). Since Rodriguez's participation in the robbery did not involve dishonesty, it is not probative of his character for truthfulness and could not have been inquired into on cross-examination under Rule 608(b).

Felix's second argument is that Rodriguez had a motive to help the government in order to receive favorable treatment in his own case.[3] However, that argument is seriously undermined by the fact that he identified Felix before the robbery and therefore before the motive existed. Moreover, as noted above, it does not alter the fact that Rodriguez's testimony was consistent with, and corroborated by, other testimony; including his apology to Mercado. Thus, the bias that arguably did exist when Rodriguez testified does not undermine the jury's verdict. Accordingly, we must reject Felix's *Brady* claim.

---

[2] *See Cree v. Hatcher*, 969 F.2d 34, 37 (3d Cir. 1992) ("Because the district court lacks the discretion to engage in balancing, 609(a)(2) must be interpreted narrowly to apply to only those crimes that, in the words of the Conference Committee, bear on a witness's propensity to testify truthfully.").

[3] The Government admits that arrest or pending prosecution may show bias but counters by arguing that before Felix can demonstrate bias through a pending arrest warrant he must first demonstrate that Rodriguez was aware of the arrest warrant's existence. Felix claims that is an issue for the jury to determine. Since the integrity of the verdict has not been undermined, we need not address this facet of the dispute.

Accordingly, for the reasons stated above, we will affirm the Appellate Division's denial of Felix's motion for a new trial.